**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GILLES COHEN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SUBARU OF AMERICA, INC. and DENSO INTERNATIONAL AMERICA, INC.,<br><br>Defendants. | No. 1:20-cv-08442-CPO-AMD |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, this Court, having carefully reviewed and considered all of the filed submissions relating to the proposed Class Settlement of this Action ("Settlement" or "Class Settlement") including the Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement and exhibits thereto (ECF No. 243, the "Motion"), the Parties' Class Settlement Agreement dated August 24, 2023 with exhibits (ECF No. 238-3) ("Settlement Agreement"), the Declaration of Gina Intrepido-Bowen, the Settlement Administrator (ECF No. 246), the Supplemental Declaration of Gina Intrepido-Bowen, the Settlement Administrator (ECF No. 247), Plaintiffs' Corrected Memorandum of Law in Response to the Single Objection and Requests for Exclusion (ECF No. 249), Defendant Subaru of America, Inc,'s Memorandum of Law in Response to Objections and Opt-outs and in Support of Final Approval (ECF No. 250), Defendant Denso International America, Inc.'s

Joinder in Subaru of America, Inc,'s Memorandum of Law in Response to Objections and Opt-outs and in Support of Final Approval (ECF No. 251), and all other submissions and filings in this Action;

WHEREAS, this Court, having issued its Order Granting Preliminary Approval of Class Action Settlement (ECF No. 240) ("Preliminary Approval Order") which granted preliminary approval of the Class Settlement, provisionally certified, for settlement purposes only, the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); preliminarily appointed the Settlement Class Representatives, Class Counsel, and the Settlement Administrator; approved the form and content of the Direct Mail Notice, Long Form Notice, and Claim Form; approved the Parties' Class Notice Plan set forth in the Settlement Agreement ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and directed the dissemination of the Class Notice pursuant to the Notice Plan;

WHEREAS, the approved Notice Plan has been effectuated in a timely and proper manner; and

WHEREAS, this Court having held a Final Fairness Hearing on December 9, 2024, and having carefully considered all of the submissions, arguments and applicable law, and with due deliberation thereon,

NOW, this Court hereby finds, determines, and orders as follows:

1. **Jurisdiction and Venue.** The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement. Venue is also proper in this Court.

2. **Final Approval of the Class Settlement.** The Court hereby grants final approval of the Class Settlement and all of the terms and provisions of the Settlement Agreement. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law.

3. **Certification of the Settlement Class.** The Court certifies, for Settlement purposes only, the proposed Settlement Class set forth in the Settlement Agreement and in the Preliminary Approval Order (ECF No. 240). The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Class under Fed. R. Civ. P 23(a) and 23(b)(3) are satisfied, to wit:

   a. The Settlement Class is so numerous that joinder of all members is not practicable, as there are 1,388,532 Settlement Class Vehicles and approximately 2,159,750 Settlement Class Members. Fed. R. Civ. P. 23(a)(1).

   b. Questions of law and fact are common to the Settlement Class, Fed. R. Civ. P. 23(a)(2), such as whether the Fuel Pumps in the

3

    Settlement Class Vehicles contained an undisclosed common defect and whether, as a result, Settlement Class Members sustained any monetary damages;

c. The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). They have alleged the same or similar claims regarding the same vehicles and alleged conduct, the alleged damages apply to the Settlement Class Members in the same or similar manner, and the interests of the Settlement Class Representatives do not conflict with the interests of the Settlement Class.

d. The Settlement Class Representatives and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Settlement Class Representatives do not have interests that are antagonistic to the Settlement Class and are fully aligned with the interests of other Settlement Class Members. Accordingly, the Court finds that the Settlement Class Representatives have satisfied Rule 23(a) for purposes of evaluating the Settlement.

e. The Court also finds that for settlement purposes only, the questions of law or fact common to class members predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Indeed, the fact that the Parties are able to resolve the case on terms applicable to the Settlement Class underscores the predominance of common legal and factual questions for purposes of this Settlement.

f. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy under Fed. R. Civ. P. 23(b)(3) because individual Settlement Class Members have not shown any interest in individually controlling the prosecution of separate actions. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). *Sullivan v. DB Invs.*, 667 F.3d 273, 302-03 (3d Cir. 2011) (*en banc*); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 519 (3d Cir. 2004).

4. **Notice of the Settlement to the Settlement Class.** The Court finds that Class Notice was timely and properly disseminated and effectuated pursuant to the approved Notice Plan, and that said Notice (including the approved Notice Plan and the approved form and content of the Class Notice) constitutes the best notice practicable under the circumstances and satisfies all requirements of Rule 23(e) and due process.

5. **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State and U.S. territory where class members reside including the District of Columbia, Guam, Puerto Rico, and the U.S. Virgin Islands. No Attorney General has filed any objection to, or voiced any concern over, the Class Settlement or any of its terms and provisions.

6. **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein, the terms used in this Order that are defined in the Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

7. **The Settlement is Fair, Reasonable, and Adequate**. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects

satisfies Fed. R. Civ. P. 23. The Settlement provides substantial benefits to, and is in the best interests of, the Settlement Class, and is particularly fair, reasonable, and adequate when considering the issues of this case including, but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery or reduced recovery to the Settlement Class, the risks of inability to certify a class and/or to maintain any class certification through trial and potential appeal if this action is litigated rather than settled, the substantial burdens, time and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the Action.

8. **The Class Settlement Is the Result of Extensive Arm's-Length Negotiation of Highly Disputed Claims by Experienced Class Action Counsel, and Is Not the Product of Collusion.** The Court further finds that the Class Settlement was entered into as a result of extensive and adversarial arm's-length negotiations of highly disputed claims among experienced class action counsel on both sides. The Settlement is not the product of collusion, and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of the Parties' respective claims and defenses, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the issues

of Settlement Class Representative service awards and Class Counsel's reasonable attorneys' fees and expenses were not even discussed by the Parties, let alone agreed to, until after agreement had already been reached on the material terms of this Class Settlement, and were, likewise, negotiated at arm's length (and with the assistance of an experienced and highly respected third- party neutral mediator at JAMS), without any collusion, and subject to this Court's review and approval.

9. **No Admission of Wrongdoing.** This Class Settlement is a compromise of vigorously disputed allegations and claims. As set forth in the Settlement Agreement, the Court finds that the Settlement, and any documents and submissions relating thereto, do not and shall not constitute a finding of either fact or law regarding the merits of any allegation, claim, fact, issue of law, or defense that was or could have been asserted in this Action. The Court further finds that nothing in this Final Order and Judgment, the Settlement Agreement, the underlying proceedings or negotiations, or any documents, filings, submissions, or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission of, or any evidence of, any allegation, claim, fact, or issue of law that was or could have been asserted in the Action or of any liability, wrongdoing or responsibility on the part of any Defendant or Released Party.

10. **Appointment of Settlement Class Representatives and Class Counsel.** The Court hereby grants final approval and appointment of Plaintiffs Gilles

Cohen, Muhammad Adnan, Donny Woo, Benjamin Moore, Mary Lou Plante, Meredith Mein De Vera, Dan Rosenthal, John Micklo, Troy Perry, Jaqueline Ferguson, Katherine Griffin, Alexandra Efantis, Blaise Fontenot, Katherine Mutschler, Benjamin Christensen, Jennifer Lilley, Steven Biondo, Chantel Nelson, Jacqueline Brockman, Marty Brown, Christine King, Kevin King, Paula Weeks, Martin Torresquintero, Cole Sweeton, Christine Schultz, and David Sroelov as Representatives of the Settlement Class ("Settlement Class Representatives"), and James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Christopher A. Seeger of Seeger Weiss LLP, and W. Daniel "Dee" Miles III of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. as Class Counsel for the Settlement Class ("Class Counsel"). The Court finds that said Settlement Class Representatives and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

11. **Appointment of Settlement Administrator.** The Court further grants final approval and appointment of JND Legal Administration as the Settlement Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

12. **Objections and Requests for Exclusion.** Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement, and were duly advised of the deadlines and

9

procedures for doing so. Of the approximately 2,159,750 Settlement Class Members, the Court has received no objections to the Settlement terms, and the Settlement Administrator has received only one hundred thirty (130) requests for exclusion. Of the one hundred thirty (130) requests for exclusion, twenty-four (24) are invalid for failure to comply with the requirements for a valid request for exclusion mandated by the Preliminary Approval Order and recited in the Class Notice materials. The Court finds that the lack of objections to the Settlement terms and the very small number of requests for exclusion demonstrates overwhelmingly that the Settlement Class favors the Settlement, and further supports that the Class Settlement is fair, reasonable and adequate, and warranting of final approval by this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:**

13. The Court certifies, for the purpose of settlement, the following settlement class consisting of:

> All individuals or legal entities who, at any time as of the Initial Notice Date, own or owned, purchase(d) or lease(d) Covered Vehicles[1] in any of the fifty States, the District of Columbia, Puerto Rico, and all other United States territories and/or possessions (hereinafter "Settlement Class").
>
> Excluded from the Settlement Class are: (a) Subaru, its officers, directors and employees; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers, directors and

---

[1] The Covered Vehicles are the Additional Vehicles and Recalled Vehicles, as identified in Exhibits 1 and 2 to the Settlement Agreement.

10

employees; and Subaru Dealers and Subaru Dealers' officers and directors; (b) Denso, its officers, directors and employees; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers, directors and employees; (c) Plaintiffs' Counsel; (d) judicial officers and their immediate family members and associated court staff assigned to this case; and (e) the one hundred six (106) Settlement Class Members who filed timely and proper Requests for Exclusion from the Settlement Class reflected in **Exhibit A**.

14. The Court hereby grants final approval of the Class Settlement as set forth in the Settlement Agreement and all of its terms and provisions. The Settlement is fair, reasonable, adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23. Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998), and also has reviewed the Parties' briefing which extensively addresses these factors (*see* ECF No. 238-1 at 12-40; ECF No. 243-1, at 15-26; ECF No. 249 at 1-13; ECF No. 250 at 1-14; ECF 251), and finds that they support, justify, and warrant final approval of this Class Settlement.

15. The Court finds the factors set forth in Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Third Circuit has enumerated in *Girsh* and *In re Prudential*, and that each supports final approval of the Settlement.

16. The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the one hundred six (106) Settlement

11

Class Members who are listed on **Exhibit A** annexed hereto. The requests for exclusion of the twenty-four (24) Settlement Class Members who submitted untimely or otherwise invalid requests for exclusion (*see* ECF No. 250, § V) are hereby denied.

17. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

18. The Parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein, and the Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreement, except for the one hundred six (106) persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class.

19. The Action is hereby dismissed with prejudice and without costs.

20. Neither this Settlement, the Settlement Agreement, its negotiations, any agreements, documents, submissions and Orders relating thereto, nor this Final Order and Judgment, shall, in any way, constitute, be deemed to constitute, be construed as, be argued as, or be considered or admissible as evidence of: (i) an admission by

any Party or any Released Parties as to the merits of any allegation, claim or defense that was or could have been asserted in this Action; (ii) any finding of either fact or law as to the merits of any claim or defense that was or could have been asserted in the Action; (iii) an admission or evidence of any liability, wrongdoing or responsibility on the part of the Defendants or any Released Party; and (iv) as evidence, or be offered or admissible as evidence, against any Defendant, Released Party, or the Plaintiffs in any action or proceeding, judicial or otherwise, except as necessary to enforce the terms of the Settlement Agreement and/or this Final Order and Judgment.

21. In the event that any provision of the Settlement or this Final Order and Judgment is asserted by Defendants or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s) in any forum, judicial or otherwise, that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

22. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Order and any obligations thereunder.

23. Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member, is/are hereby permanently barred, enjoined, and restrained from commencing, instituting, pursuing, maintaining, prosecuting, or continuing to pursue, maintain or prosecute, any Released Claim against Defendants and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

24. Without affecting the finality of this Final Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to, the consummation, implementation and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement and its terms, or the applicability of

the Settlement Agreement. This exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar and injunction against the pursuit, commencement, maintenance, prosecution, and/or continuation of any Released Claim against any Defendant or Released Party.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: 12/10/24

_____
Hon. Christine P. O'Hearn
United States District Judge

# Exhibit A

| *Cohen v. Subaru of America, Inc. et al.* Valid Exclusions ||
|---|---|
| **Class Member** | **VIN (Last 4)** |
| Rebecca Adrian | 8761 |
| Amber Anick | 7345 |
| Yvo Eduardo Avilez Cerna | 8060 |
| Taralyn Blevins | 1488 |
| Sara Bodenhamer | 4054 |
| Kathleen Boris | 9517 |
| Kathleen Boris | 4556 |
| Aimee Borque | 5975 |
| Kelley Brandt | 1187 |
| Kelley Brandt | 3924 |
| James Boyd Cahill | 5094 |
| Laurie Cardoni | 3746 |
| Jena Carroll | 2730 |
| Jason Edwin and Lynn Gerry Castro | 2895 |
| Albert Chase | 1693 |
| Michael Chial | 8707 |
| Michael Chial | 5688 |
| Angel Courtemanche | 4684 |
| Darlene Crisp | 0056 |
| Mallika Desu | 6375 |
| Seshu Baba Desu | 0469 |
| Christine Disney | 3943 |
| Lynn Doherty | 9370 |
| Lynn Ensslin | 3059 |
| Rosemary Erickson | 3818 |
| Susan Fair | 3836 |
| Karen Tobey Fenwick | 9375 |
| Hilda Feusi | 5699 |
| Nancy Freer | 3437 |
| Berta Friedman Tankel | 4970 |
| Janet Fronzuti | 9570 |
| Dora Garcia | 2538 |
| Elio Gianetti | 7138 |
| Barbara Gilani | 6357 |
| Paul Hackel Glickstein | 8334 |
| David and Peggy Goold | 0338 |

| | |
|---|---|
| Rick and Edie Green | 3346 |
| Michelle Greenleaf | 0156 |
| Nathan Leon Guerrero | 0539 |
| Victoria Guthrie | 8296 |
| Kathleen Hamlett Addison Peet | 4341 |
| Carole Henderson | 5351 |
| Robert Hiatt | 3212 |
| Paula Hix | 6935 |
| William Houck | 3555 |
| Laurence Jeffrey Hutt | 7968 |
| James Kelly | 6217 |
| Sharon King | 5515 |
| Joseph Knoblauch | 7617 |
| Joseph Kubiak | 9547 |
| Laurel Linn | 0974 |
| Larry Listello | 8219 |
| Nicole Lompa | 2716 |
| Kareem Lopez | 5498 |
| Rex Lueptow | 8155 |
| Rebecca Mesa | 1403 |
| Dorell Migliano | 4121 |
| Clement Migliano | 4121 |
| Linda Minard | 0098 |
| Alexander Mitchell | 8525 |
| Baldwin Miyake | 6526 |
| Misty Nevis | 2715 |
| Richie Nevis | 2715 |
| Emalee Nikolai | 5715 |
| Ariel Nunez | 6013 |
| Frank Nyert | 3633 |
| Irma Ocampo | 3539 |
| Ann O'Reilly | 2205 |
| Betty Paulsell | 1718 |
| Royden Stewart Peters | 4352 |
| Rebecca Phillips | 7274 |
| Erik Preston | 9865 |
| Francisco Rico | 5379 |
| Thomas Roberts | 8125 |
| Maria Rodriguez | 5077 |

| | |
|---|---|
| Diana Roff | 7495 |
| Kushtrim Rrushaj | 9895 |
| Robyn Rudek | 4184 |
| Heather Ruszin | 4542 |
| Jason Ruszin | 4542 |
| Cassidy Rutledge | 0085 |
| Jan Saunders | 7982 |
| Christine Sauser | 1532 |
| John Saville | 6739 |
| Judith Selkirk | 7279 |
| Gloria Shurer | 4186 |
| Jason Simmons | 6227 |
| Jane May Speaker | 2442 |
| Mary Stankewicz | 8814 |
| Bonnie Steffen | 4858 |
| Mary Stevens | 2495 |
| Kathy Straits | 8222 |
| Harry Strong | 5226 |
| Daniel Stwalley | 0474 |
| Kenneth Swanson | 5808 |
| James Swinnen | 6195 |
| Kayla Thomas | 9779 |
| Camilla Thomason | 7433 |
| Virgie Townsend | 4675 |
| Dolores Vichas | 7003 |
| Stephanie Vignau | 3312 |
| Stuart Vignau | 3312 |
| Michael Walker | 3332 |
| Sarah Whitcomb | 5173 |
| Jeffrey Williams | 0060 |
| Aimee Wright | 3033 |